UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KEITH SCHOLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 5:14-cv-270-JMH |
| ) | |
| BARRY HARMON, et al., ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\*

This matter is before the Court on Defendants' motion to dismiss Plaintiff's Amended Complaint in this action. [DE 12]. Plaintiff has responded [DE 13], and Defendants have replied [DE 15]. Thus, this motion is now ripe for review. For the reasons which follow, Defendants' motion will be granted in part and denied in part.

**I. Factual and Procedural Background**

Plaintiff Keith Scholl was a deputy jailer at the Boyle County Detention Center. [DE 8 at 1-2]. In the Amended Complaint, Plaintiff alleges that he was wrongfully accused of passing contraband to female prisoners, allegations for which he was terminated on September 25, 2013. [DE 8 at 2]. Plaintiff claims that these allegations were "unsubstantiated and without merit" and that he was "not allowed to view the alleged evidence of his misconduct

or respond to the allegations against him." [DE 8 at 2]. He avers that he was not allowed to obtain items from his locker on the date of termination and has not received a response to his request for a copy of the employee handbook, his personnel file, and other items. [DE 8 at 3; DE 8-1].

Defendant Barry Harmon is Jailer at the Boyle County Detention Center. Plaintiff filed his Complaint with this Court against Harmon in his official and individual capacity, as well as Boyle County and its fiscal court. Plaintiff brings a federal claim based on an alleged violation of his constitutional due process rights, as well as several state law claims including a due process violation, a violation of KRS 71.060(2) for termination without cause, and intentional infliction of emotional distress. Plaintiff also sets forth a claim for punitive damages based on these claims. [DE 8].

## II. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 570). A claim is plausible when it contains facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678.

**III. Discussion**

    **A. Sovereign Immunity**

Defendants argue that Boyle County, Boyle County Fiscal Court, and Defendant Harmon in his official capacity are entitled to sovereign immunity for Plaintiff's state law claims for violation of due process, violation of KRS 71.060(2), and intentional infliction of emotional distress. Plaintiff agrees to the dismissal, as does the Court. *See Lexington-Fayette Urban Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004) ("Kentucky counties are cloaked with sovereign immunity."); *Edmonson Cnty. v. French*, 394 S.W.3d 410, 414 (Ky. Ct. App. 2013) (holding that the county and fiscal court were entitled to sovereign immunity, and that an individual sued in her official capacity is "entitled to the same protection"); *Commonwealth v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001)

(holding a jailer, as an officer of the county, is cloaked in sovereign immunity). Accordingly, the Court will dismiss Plaintiff's state law claims, found in Counts II, III, and IV, against Defendant Harmon in his official capacity, Boyle County, and Boyle County Fiscal Court.

**B. Qualified Official Immunity**

Defendants argue that Jailer Harmon is entitled to qualified official immunity with respect to the state law claims brought against him in his individual capacity. Qualified official immunity bars a claim against a public officer or employee of (1) discretionary acts or functions, (2) made in good faith; and (3) within the scope of the employee's authority. *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). Once the official establishes the first and third elements, the burden shifts to the plaintiff to prove bad faith by direct or circumstantial evidence. *Id*. at 523. The Plaintiff agrees that Harmon's acts were discretionary and within the scope of his authority as jailer. Therefore, qualified official immunity in this instance turns on the good faith element; or whether Plaintiff has alleged sufficient facts to show that Harmon acted in bad faith.

Under Kentucky law, an official acts in bad faith when he or she violates a clearly established right, which the official "presumptively would have known" belonged to the

4

plaintiff. *Bryant v. Pulaski Cnty. Det. Ctr.,* 330 S.W.3d 461, 467 (Ky. 2011) (citing *Yanero,* 65 S.W.3d at 523). "Or, bad faith can be predicated on whether the [official] willfully or maliciously intended to harm the plaintiff or acted with a corrupt motive." *Id.* (citations omitted).

Plaintiff's Amended Complaint alleges that Defendant Harmon terminated the Plaintiff without cause and without giving the Plaintiff an opportunity to respond. From these facts alone, reasonable inferences could be drawn that Jailer Harmon acted in bad faith by depriving Plaintiff of his clearly established right to due process, a right which Jailer Harmon should be aware of. *See* discussion *infra* Part C. Furthermore, whether bad faith is present is a highly factual inquiry, and the parties have not yet had the opportunity to engage in discovery. As such, a dismissal of Plaintiff's claims against Harmon in his individual capacity based on qualified official immunity is inappropriate at this time.

**C. Due Process**

Defendants argue that Plaintiff's Amended Complaint fails to allege facts sufficient to support a violation of due process claim. To succeed on a due process claim, Plaintiff must show that he had a liberty or property interest in his job as deputy jailer and that Defendants

failed to provide sufficient process before depriving him of that interest. *Fields v. Benningfield*, 544 F. App'x 626, 628 (6th Cir. 2013) (citing *Sickles v. Campbell Cnty., Kentucky*, 501 F.3d 726, 730 (6th Cir. 2007)).

Under Kentucky law, the county jailer may only dismiss his deputies "with cause." KRS § 71.060. This limitation is sufficient to create a property interest in Plaintiff's job as deputy. *See Fields,* 544 F. App'x at 628 (holding a deputy jailer had a property interest in his position). Thus, dismissal of Plaintiff's due process claims depends upon whether Plaintiff alleges facts sufficient to show that he was deprived of the process he was due.

Due process "requires some kind of a hearing prior to the discharge of an employee." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). Although a pre-termination hearing "need not be elaborate", "the tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id*. at 546; *see also Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004).

In his Amended Complaint, Plaintiff alleges he was not given an opportunity to respond to the allegations against him. Taking the Complaint's well-pled facts as true, this

6

shows that Plaintiff's pre-termination hearing was insufficient to comport with the requirements of due process.

Defendants contend that Plaintiff was given an opportunity to tell his side of the story when he denied the allegations against him. For this fact, Defendants rely on a document attached to their own motion. Although Plaintiff has raised no objection, this document is not referenced in the Amended Complaint and seemingly contradicts facts stated in it. As such, the Court will not consider it at the motion to dismiss stage. *See Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir. 2012) ("While documents integral to the complaint may be relied upon, even if they are not attached or incorporated by reference, it must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") (citations omitted). Even if the Court considered Defendants' document, viewing the facts in a light most favorable to the Plaintiff, a simple denial is not enough of an opportunity to respond to meet the requirements of due process. *See Buckner v. City of Highland Park*, 901 F.2d 491, 495 (6th Cir. 1990) ("The opportunity to respond must be a meaningful opportunity to prevent the deprivation from occurring.").

However, where a pre-termination hearing is insufficient, due process may be saved with "a more meaningful post-termination hearing." *Mitchell*, 375 F.3d at 481. There was no post-termination hearing in this case and thus, Plaintiff's due process claims survive Defendants' motion to dismiss.

Defendants argue that the lack of a post-termination hearing does not violate due process because Plaintiff failed to pursue a hearing after he was discharged and the Defendants were not required to notify him of his right to such a hearing. This argument misses the mark for several reasons. First, to satisfy his claim for a due process violation, a plaintiff is not always required to show that he pursued post-discharge remedies or that those remedies were inadequate. *Compare Mitchell*, 375 F.3d at 484 (holding that, where plaintiff was deprived of job *pursuant to a state procedure*, plaintiff need not prove the post-termination remedies inadequate); *and Barachkov v. Davis*, 13-1320, 2014 WL 4251577, n.2 (6th Cir. Aug. 28, 2014); *with Fields v. Benningfield*, 544 F. App'x 626, 629 (6th Cir. 2013) (holding that, where plaintiff's termination was *a random act outside of the state-imposed procedures*, plaintiff "had to show not only that she was deprived of a pre-discharge hearing, but also that she lacked adequate

means to remedy her loss *post*-discharge."). There are not enough facts at this stage to determine whether Plaintiff must prove the inadequacy of post-termination procedures.

Nevertheless, even if Plaintiff is required to show that post-termination procedures are inadequate to prove a due process violation, he has alleged facts sufficient to survive a motion to dismiss on this issue. In *Fields*, the court found that the plaintiff failed to show post-termination procedures where inadequate because the plaintiff was *informed* of his post-termination remedies and failed to pursue them. 544 Fed. App'x at 628 (construing, notably, a motion for summary judgment). Here, Plaintiff's Amended Complaint reflects that he has requested his employee handbook, which presumably details procedures available to contest his termination. Thus far, Plaintiff has not been allowed to view this handbook and, having no knowledge of what procedures are available to him, can pursue them no further. Thus, the Plaintiff has pursued all of the post-termination remedies that he knows of, unlike the plaintiff in *Fields*. Nothing has become of these pursuits, and thus, Plaintiff has alleged facts to show

they are inadequate, regardless of whether Defendant Harmon notified him of a post-termination hearing.[1]

Plaintiff's Amended Complaint contains facts sufficient to show that he was deprived of a pre-termination hearing and that his post-termination remedies were inadequate. Accordingly, Plaintiff's claims for violation of due process survive Defendants' motion to dismiss.

**D. Intentional Infliction of Emotional Distress**

Defendants argue that Plaintiff's state law claim for intentional infliction of emotional distress must be dismissed because termination of employment does not amount to outrageous conduct. Outrageous conduct is one of four elements of a claim for intentional infliction of emotional distress. *Benningfield v. Pettit Envtl., Inc.*, 183 S.W.3d 567, 572 (Ky. Ct. App. 2005). It has been described in Kentucky as conduct that is "a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984).

---

[1] To be clear, this does not impose a notice requirement on post-termination hearings, as the Defendant contends, because it does not depend on whether the employer made the remedies known to the Plaintiff. Rather, this analysis asks whether, depending on what the Plaintiff was aware of, the Plaintiff can show it tried available remedies and that they remained inadequate.

Kentucky courts have often found that termination of employment "does not rise to the level of outrageous conduct required for an IIED claim." *Id.; see also Miracle v. Bell County Emergency Medical Services*, 237 S.W.3d 555 (Ky. Ct. App. 2007); *Nixon v. Greenup Cnty. Sch. Dist.*, 890 F. Supp. 2d 753, 761 (E.D. Ky. 2012). However, as Plaintiff points out, there are some instances in which the conduct surrounding termination is outrageous. In *Kroger Co. v. Willgruber*, the plaintiff was suddenly asked to resign after a series of deceptive practices by the plaintiff's employer. 920 S.W.2d 61, 63 (Ky. 1996). The employer then promised the plaintiff a job elsewhere if he would sign a full release absolving the employer of liability. Having realized the promise of employment was a complete falsehood and now unemployed, the plaintiff suffered a "complete mental breakdown" and later, "real and disabling depression." *Id*. at 66. The court found that the employer's conduct was outrageous.

Here, Plaintiff argues that the allegations associated with his termination, that he asked female inmates to expose their breasts in exchange for his passing them contraband, and the fact that he has not been able to obtain employment since, evidence Defendants' outrageous conduct. While serious, this is "conduct typical of what

11

occurs when a relationship ends," and does not rise to the level of the *Kroger* employer's outrageous actions or the *Kroger* plaintiff's debilitating response. 920 S.W.2d at 67. Nor has Plaintiff alleged additional facts from which reasonable inferences could be drawn that would support a showing of outrageous conduct. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's claim for intentional infliction of emotional distress, described in Count IV of Plaintiff's Amended Complaint.

**CONCLUSION**

For the reasons stated above, **IT IS ORDERED**:

1) that Defendants' Motion to Dismiss [D.E. 12] is **GRANTED IN PART** and **DENIED IN PART**;

2) that Counts II and III of Plaintiff's Amended Complaint [D.E. 8] are **DISMISSED** against Defendants Boyle County, Boyle County Fiscal Court, and Jailer Barry Harmon in his official capacity;

3) that Count IV of Plaintiff's Amended Complaint [D.E. 8] is **DISMISSED** against all Defendants.

This, the 15th day of October, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge